IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KENNETH D. HILL,                        )
                                        )
            Petitioner,                 )
                                        )
v.                                      )        Case No. CIV-07-69-C
                                        )
JOHN WHETSEL, *et al.*,                 )
                                        )
            Respondents.                )

## **ORDER**

The Respondent moved for dismissal, invoking Fed. R. Civ. P. 12(b)(6).  Because the Respondent relied in part on evidence outside of the habeas petition, the Court converted the motion to one for summary judgment.  *See* Fed. R. Civ. P. 12(b); *see also Alloway v. Jordan*, 69 Fed. Appx. 431, 433 (10th Cir. July 7, 2003) (unpublished op.) (reversing dismissal of a habeas action in light of the failure to notify the petitioner of the "effective" conversion of a motion to dismiss into a motion for summary judgment).  As stated in a conference on March 16, 2007, the Court *sua sponte* modifies the order.  The Court will treat:

- the Respondent's dispositive motion as one for dismissal or, in the alternative, for summary judgment; and

- the Respondent's argument for *Younger* abstention as a request for dismissal rather than summary judgment.

Three reasons exist for the Court's modification of the prior order:

- The issue of *Younger* abstention implicates Fed. R. Civ. P. 12(b)(1);

- for *Younger* abstention, the Court can consider evidence beyond the habeas petition; and

- the need for abstention under *Younger* does not require consideration of the materials attached by the Respondent.

First, "*Younger* abstention is jurisdictional." *D.L. v. Unified School District No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (citations omitted). As a result, this part of the Respondent's motion should be considered at least in part as a motion to dismiss under Fed. R. Civ. R. 12(b)(1).[1] And, "[a]s a general rule, a 12(b)(1) motion cannot be converted into a motion for summary judgment under Rule 56." *Wheeler v. Hurdman,* 825 F.2d 257, 259 (10th Cir. 1987) (citations omitted).

Second, with respect to *Younger* abstention, the Court can consider evidence outside of the habeas petition.[2]

---

[1]     *See Beres v. Village of Huntley, Illinois*, 824 F. Supp. 763, 766 (N.D. Ill. 1992) ("a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) appears to be an appropriate method for raising the issue of abstention" (citation omitted)); *Miller Brewing Co. v. Ace U.S. Holdings, Inc.*, 391 F. Supp. 2d 735, 739 (E.D. Wisc. 2005) (considering a request for abstention as a motion under Fed. R. Civ. P. 12(b)(1) because it "raises the question of whether a court should exercise subject matter jurisdiction" (citation omitted)); *Sabre Oxidation Technologies, Inc. v. Ondeo Nalco Energy Services LP*, 2005 WL 2171897, Westlaw op. at 2 (S.D. Tex. Sept. 6, 2005) (unpublished op.) (stating that a motion to dismiss or stay based on abstention "raises the question of whether a court should exercise subject matter jurisdiction" and "is properly considered under Fed.R.Civ.P. 12(b)(1)"); *see also Coles v. City of Philadelphia*, 145 F. Supp. 2d 646, 649 (E.D. Pa. 2001) (stating that courts have considered motions to dismiss on abstention grounds not only under Fed. R. Civ. P. 12(b)(6), but also "in the nature of motions challenging subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)" (citation omitted), *aff'd*, 38 Fed. Appx. 829 (3rd Cir. July 18, 2002) (unpublished op.); *accord* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: 3d* § 1350 at 96-100 (2004) ("Courts have recognized a variety of . . . defenses that one normally would not think of as raising subject matter jurisdiction questions when considering a Rule 12(b)(1) motion, including . . .the subject matter is one over which the federal court should abstain from exercising jurisdiction." (footnote omitted)).

[2]     *See Pathways, Inc. v. Dunne*, 172 F. Supp. 2d 357, 360 n.2 (D. Conn. 2001) (stating that on a motion to dismiss for abstention, the court can "consider affidavits and other materials beyond the pleadings themselves" (citation omitted)), *aff'd in part & vacated in part on other grounds*, 329 F.3d 108 (2d Cir. 2003); *see also Bell Atlantic-Pennsylvania, Inc. v. Pennsylvania Public Utility*

Finally, abstention would be appropriate without consideration of the Respondent's evidence.[3]

For these three reasons, the Court should have treated the Respondent's dispositive motion as one for dismissal or, in the alternative, for summary judgment.[4]

So ordered this 28th day of March, 2007.


_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge


---

*Commission*, 107 F. Supp. 2d 653, 659 (E.D. Pa. 2000) (stating that invocation of the abstention doctrine allows the court to consider matters beyond the factual allegations in the complaint), *aff'd in part & appeal dismissed in part on other grounds*, 273 F.3d 337 (3d Cir. 2001).

[3]      *See Lybrook v. Members of the Farmington Municipal Schools Board of Education*, 232 F.3d 1334, 1341-42 (10th Cir. 2000) (holding that conversion of a motion to dismiss to a motion for summary judgment was unnecessary because the court had "discretion to accept or reject [the] attached documents" (citations omitted)).

[4]      In a hearing, the Plaintiff contended that the Court should continue to treat the issue of *Younger* abstention as one involving summary judgment rather than dismissal. Such consideration would not only be erroneous, but also prejudicial to Mr. Hill.  As discussed in the accompanying report, abstention under *Younger* would ordinarily involve dismissal without prejudice to refiling. *See Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996) (remanding with instructions for the district court to dismiss an action without prejudice under *Younger*).  By definition, summary judgment would result in termination of the claim "with prejudice."  *See Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987) ("A grant of summary judgment resolves the issue on the merits and thus is with prejudice." (citations omitted)).  Thus abstention through the award of summary judgment would prevent refiling, while the proposed dismissal would be without prejudice to the filing of a new action.