IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH D. HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case Number CIV-07-69-C |
| ) | |
| JOHN WHETSEL, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner filed the present 28 U.S.C. § 2241 action seeking an Order from the Court directing Respondent to release him from custody. As support for his request, Petitioner asserted that he had been held for three days without a probable cause determination after a warrantless arrest. According to Petitioner, the failure to conduct a probable cause hearing within 48 hours of his arrest constituted a violation of his constitutional rights. Consistent with the provisions of 28 U.S.C. § 636, this matter was referred to Magistrate Judge Robert Bacharach. Judge Bacharach directed Respondent to file a response. Respondent filed a Motion to Dismiss (Dkt. No. 16) arguing the Court should abstain from addressing Petitioner's allegations based on the teachings of Younger v. Harris, 401 U.S. 37 (1971). Judge Bacharach initially determined that Respondent's motion should be converted to a motion for summary judgment, however, after consultation with the parties, Judge Bacharach determined conversion was unnecessary. Judge Bacharach then entered an Order outlining the reasons why conversion was inappropriate and on the same date issued a Report and

Recommendation ("R&R") recommending the Court abstain under Younger and dismiss the Petition without prejudice. Petitioner has filed a timely objection to the Order and the R&R.[1]

Plaintiff's challenge to Judge Bacharach's Order is considered consistent with the provisions of 28 U.S.C. § 636(b)(1)(A), which requires the Order to be upheld unless it is shown to be clearly erroneous or contrary to law. Although the Court notes the law is not entirely clear, the outcome reached by the Order is correct. In the Order, Judge Bacharach stated the issue of Younger abstention raised a question of subject matter jurisdiction and therefore he could consider matters outside the Petition without converting the motion to a summary judgment motion. Although it has been said that issues of Younger abstention are jurisdictional,[2] the Supreme Court has noted that Younger abstention "represents the sort of 'threshold question' [that] may be resolved before addressing jurisdiction." Tenet v. Doe, 544 U.S. 1, 6 n. 4 (2005). Thus, it is not entirely clear that Younger abstention raises a question of subject matter jurisdiction. Nevertheless, as Judge Bacharach noted, numerous courts and commentators have noted it is proper to consider the issue of abstention under the framework of Fed. R. Civ. P. 12(b)(1). See Dkt. No. 20, n. 1. Thus, Judge Bacharach's ultimate decision on the issue is correct. In addition, Judge Bacharach correctly found that a decision on abstention could be reached without consideration of the additional materials.

---

[1] Although the title of Petitioner's objection indicates it is directed only at the R&R, the arguments within the objection also target the Order.

[2] See D.L. v. Unified Sch. Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004), cert. denied, 544 U.S. 1050 (2005).

For these reasons, the decision not to convert Respondent's motion to one for summary judgment was not clearly erroneous.

Turning to the R&R, because Petitioner has objected, the Court's review is *de novo*. Applying that standard, the Court finds no error in the thorough and well-reasoned R&R. The facts and relevant law are set out in full and no point would be served in repeating that analysis. To the extent Petitioner disputes either the factual recitation or the legal reasoning employed by the Magistrate Judge, he fails to raise any issue which was not fully considered and correctly rejected by the Magistrate Judge, and no argument of fact or law is set forth in the objection which would require a different result.

As set forth more fully herein, the Court finds Judge Bacharach's Order of March 28, 2007, is correct. Further, the Court adopts in full the R&R (Dkt. No. 21) entered by Judge Bacharach and DISMISSES this action without prejudice. A separate judgment will issue.

IT IS SO ORDERED this 13th day of April, 2007.

ROBIN J. CAUTHRON
United States District Judge